LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Pro Hac Vice Ca. Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Pro Hac Vice Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Peter Goldstein [SBN 6992]
PETER GOLDSTEIN LAW CORP
peter@petergoldsteinlaw.com
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 474-6400
Facsimile: (888) 400-8799

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT FOR THE DISTRICT OF NEVADA (RENO)**

| | |
|---|---|
| JENNIFER ANDERSON and FREDRICK WAID, as the appointed co-special administrators of the estate of ROBERT ANDERSON JR.; JENNIFER ANDERSON; JENNIFER ANDERSON, as parent and guardian of M.R.A., a minor; JENNIFER ANDERSON, as parent and guardian of S.G.A., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>LYON COUNTY; TIMOTHY WRIGHT, BRETT WILLEY and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00435-LRH-WGC<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure – Excessive Force – Violation of the Fourth Amendment (42 U.S.C. §1983)<br>2. Unreasonable Search and Seizure – Denial of Medical Care – Violation of the Fourth Amendment (42 U.S.C. §1983)<br>3. Unlawful Interference with Familial Relations in Violation of the Fourteenth Amendment Substantive Due Process Clause (42 U.S.C. §1983)<br>4. Battery (Wrongful Death)<br>5. Negligence (Wrongful Death)<br>6. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES

# FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs JENNIFER ANDERSON and FREDRICK WAID, as the appointed co-special administrators of the estate of ROBERT ANDERSON JR., JENNIFER ANDERSON, M.R.A., a minor, and S.G.A., a minor, for their First Amended Complaint ("FAC") against Defendants LYON COUNTY, TIMOTHY WRIGHT, BRETT WILLEY, and Does 3-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal deputy shooting of the decedent, Robert Anderson Jr.

## PARTIES

2. At all relevant times, Robert Anderson Jr. ("DECEDENT") was an individual residing in Lyon County, Nevada.

3. Plaintiffs JENNIFER ANDERSON and FREDRICK WAID are the court-appointed co-special administrators of the estate of DECEDENT. Plaintiffs JENNIFER ANDERSON and FREDRICK WAID sue in their representative capacities as the appointed co-special administrators of the estate of DECEDENT and seek survival damages under both federal and state law.

4. Plaintiff JENNIFER ANDERSON is an individual residing in Sacramento, California, and is the wife of DECEDENT. JENNIFER ANDERSON sues in her individual capacity as the wife of DECEDENT. JENNIFER ANDERSON seeks wrongful death damages under both federal and state law.

5. Plaintiff M.R.A., a minor, is an individual residing in Sacramento, California, and is the son of DECEDENT. JENNIFER ANDERSON is the mother and guardian of M.R.A. M.R.A. sues in his individual capacity as the son of DECEDENT. M.R.A. seeks wrongful death damages under federal and state law.

6. Plaintiff S.G.A., a minor, is an individual residing in Sacramento, California, and is the daughter of DECEDENT. JENNIFER ANDERSON is the mother and guardian of S.G.A.  S.G.A. sues in her individual capacity as the daughter of DECEDENT.  S.G.A. seeks wrongful death damages under federal and state law.

7. On information and believe Defendant BRETT WILLEY is an individual residing in Lyon County.

8. On information and believe Defendant TIMOTHY WRIGHT is an individual residing in Lyon County.

9. At all times herein mentioned, Defendant, LYON COUNTY (hereinafter "COUNTY") is and was at all relevant times mentioned herein, a municipality duly organized and existing under the laws of the State of Nevada.

10. At all times herein mentioned, COUNTY employs, controls and operates the Lyon County Sheriff's Department entity and its deputies.

11. At all relevant times, Defendant, TIMOTHY WRIGHT ("WRIGHT") is and was at all relevant times mentioned herein, a duly authorized employee and agent of COUNTY who was acting under the color of law within the course and scope of his duties as a Lyon County Sheriff and with complete authority and ratification of his principal, Defendant COUNTY.

12. At all relevant times, Defendant, BRETT WILLEY ("WILLEY") is and was at all relevant times mentioned herein, a duly authorized employee and agent of COUNTY who was acting under the color of law within the course and scope of his duties as a Lyon County Sheriff and with complete authority and ratification of his principal, Defendant COUNTY.

13. At all relevant times, COUNTY was the employer of WRIGHT, WILLEY and Defendants DOES 3 through 5 ("DOE DEPUTIES") who were COUNTY sheriff's deputies and DOES 6 through 10 ("DOE SUPERVISORS")

who were managerial, supervisorial, and policymaking employees of the COUNTY. DOE DEPUTIES are sued in their individual capacity for damages only.

14. At all relevant times, WRIGHT, WILLEY and Defendants DOES 3 through 5, were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

15. At all relevant times, WRIGHT, WILLEY and Defendants DOES 3 through 5, were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

16. In doing the acts and failing and omitting to act as hereinafter described, WRIGHT, WILLEY and Defendants DOES 3 through 5, were acting on the implied and actual permission and consent of COUNTY.

17. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

18. The true names of defendants DOES 3 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

19. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES

Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Lyon County, Nevada.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this FAC with the same force and effect as if fully set forth herein.

22. The incident upon which this action is based occurred on the evening of September 2, 2019, around 6:30 p.m., at 3060 East 2nd Street, in Silver Springs, Nevada, at the Decedent's and Plaintiffs' residence.

23. At the time of this incident, DECEDENT was 43 years old.

24. The involved deputies were responding to a domestic disturbance call.

25. While inside of the Decedent's home, Defendants WRIGHT and WILLEY discharged their firearms at DECEDENT, striking him several times, causing DECEDENT serious physical injury and eventually killing him.

26. DECEDENT had not seriously injured anyone prior to or during the shooting and the involved deputies had no information that anyone had been seriously injured.

27. On information and belief, Defendants WRIGHT and WILLEY had never seen DECEDENT before and had no information about him.

28. DECEDENT did not pose an immediate threat of death or serious bodily injury to the involved deputies or anyone else at the time of the shooting.

29. Defendants WRIGHT and WILLEY did not give DECEDENT a verbal warning that deadly force would be used prior to the shooting, despite being feasible to do so.

30. Defendants WRIGHT and WILLEY had less than lethal options which were reasonably available at the time of the shooting.

31. Upon information and belief, at all times prior to the multiple gunshots fired at DECEDENT, Defendants WRIGHT and WILLEY knew that Plaintiffs JENNIFER ANDERSON and M.R.A. were present at the scene and witnessing the incident.

32. JENNIFER ANDERSON and M.R.A were all present and witnessed the use of deadly force against DECEDENT and also observed DECEDENT going to the ground and on the ground, bleeding profusely, expressing pain, and they watched and were aware that timely medical care was not being provided and/or summoned for DECEDENT as he lay bleeding to death on the floor.

33. After shooting DECEDENT multiple times, Defendants WRIGHT and WILLEY did not timely summon medical attention for DECEDENT, despite DECEDENT visibly bleeding profusely and having suffered obvious serious injuries, and Defendants WRIGHT and WILLEY also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force Care (42 U.S.C. § 1983)**
(Against Defendants WRIGHT and WILLEY)

34. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 33 of this FAC with the same force and effect as if fully set forth herein.

35. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

36. While inside of his own home, Defendants WRIGHT and WILLEY discharged their firearms at DECEDENT, striking him multiple times, causing DECEDENT serious physical injury and eventually killing him.

37. Defendants WRIGHT and WILLEY did not give DECEDENT a verbal warning that deadly force would be used prior to the shooting, despite being feasible to do so.

38. At the time of the shooting, DECEDENT did not pose an immediate threat of death or serious bodily injury to Defendants WRIGHT and WILLEY, or any other person. Further, Defendants WRIGHT and WILLEY, were armed with less-lethal force options which were reasonably available at the time of the shooting. Defendants WRIGHT and WILLEY failed to exhaust all reasonable less-lethal force options prior to using deadly force against DECEDENT.

39. The use of force, including deadly force by Defendants WRIGHT and WILLEY, violated DECEDENT's right to be free from excessive force by peace officers, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. As a result of the conduct of Defendants WRIGHT and WILLEY, they are liable for DECEDENT's injuries because they were either integral participants to the violations of DECEDENT's rights or they failed to intervene to prevent these violations.

41. The conduct of Defendants WRIGHT and WILLEY was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to Defendants WRIGHT and WILLEY.

42. As a direct result of the excessive force used by Defendants WRIGHT and WILLEY, DECEDENT experienced pre-death severe pain and suffering and ultimately death and a loss of enjoyment of life and loss of life.

43. JENNIFER ANDERSON and FREDRICK WAID, as the appointed co-special administrators of the estate of ROBERT ANDERSON JR., bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

44.     Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants WRIGHT and WILLEY)

45.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 44 of this FAC with the same force and effect as if fully set forth herein.

46.      Pursuant to the Fourth Amendment to the United States Constitution, all law enforcement officers have a duty to provide medical care to persons who are injured while being apprehended and taken into custody and/or to timely summons medical care for these individuals.  This includes the duty to either administer medical care or ensure that medical care is promptly provided.  This also encompasses the requirement that peace officers may not delay an arrestee access to medical care without reason.

47.     Statute 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

48.      DECEDENT was shot multiple times.  Despite his wounds which were bleeding profusely, failed to provide and unreasonably delayed medical care to DECEDENT.  DECEDENT eventually died from the injuries Defendants WRIGHT and WILLEY caused.  Plaintiffs are informed and thereon believe that DECEDENT suffered great physical and emotional pain while he lay unattended to on the ground bleeding to death until he died.  Plaintiffs are further informed and thereon believe that the delay and or denial of medical care to DECEDENT contributed to DECEDENT's pain and suffering and contributed to the worsening of his injuries, including his cause of death.

49.     As a result of the conduct of Defendants WRIGHT and WILLEY, they are liable for DECEDENT's injuries because they were either integral participants

to the violations of DECEDENT's rights or they failed to intervene to prevent these violations.

50. The conduct of Defendants WRIGHT and WILLEY was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to Defendants WRIGHT and WILLEY.

51. 38. JENNIFER ANDERSON and FREDRICK WAID, as the appointed co-special administrators of the estate of ROBERT ANDERSON JR., bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

52. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(By Plaintiffs JENNIFER ANDERSON, M.R.A. and S.G.A.,

against Defendants WRIGHT and WILLEY)

53. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this FAC with the same force and effect as if fully set forth herein.

54. JENNIFER ANDERSON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT.

55. M.R.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

56. S.G.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

57. The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

58. The United States Constitution protects all persons from interference with relationships such as those that attend the creation and sustenance of a family and similar highly personal relationships. Specifically, the right to be free from unlawful state interference with the familial relationship enjoyed between parents and children is a protected liberty interest rooted in the due process clause of the Fourteenth Amendment.

59. When Defendants WRIGHT and WILLEY arrived in response to a call for help, they shot DECEDENT multiple times. Defendants WRIGHT and WILLEY did not give a verbal warning that deadly force would be used prior to shooting DECEDENT, despite it being feasible to do so. The use of deadly force by Defendants WRIGHT and WILLEY, without any verbal warning under these circumstances was unreasonable, excessive and shocks the conscious. Further, Defendants WRIGHT and WILLEY exhibited a deliberate indifference to and reckless disregard for DECEDENT's and Plaintiffs' rights, and displayed a purpose to harm DECEDENT unrelated to a legitimate law enforcement objective. In so doing, the conduct of Defendants WRIGHT and WILLEY constitutes a violation of Plaintiffs' Fourteenth Amendment Substantive Due Process right to be free from unlawful state interference with their familial relationship with their father/son.

60. As a result of the conduct of Defendants WRIGHT and WILLEY, they are liable for DECEDENT's injuries because they were either integral participants to the violations of DECEDENT's rights or they failed to intervene to prevent these violations.

61. The conduct of Defendants WRIGHT and WILLEY was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs and warrants the imposition of exemplary and punitive damages as to the individual Defendants.

62. As a direct result of the death of DECEDENT, Plaintiffs have suffered the loss of DECEDENT's love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of DECEDENT. All Plaintiffs seek wrongful death damages under this claim.

63. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

**Battery (State Law Claim for Battery)**

**(Wrongful Death)**

(By Plaintiffs JENNIFER ANDERSON, M.R.A. and S.G.A., against Defendants LYON COUNTY, WRIGHT and WILLEY)

64. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 63 of this FAC with the same force and effect as if fully set forth herein.

65. Defendants WRIGHT and WILLEY, while working as COUNTY sheriff's deputies and acting within the course and scope of their employment, intentionally shot DECEDENT multiple times. The shooting was a use of unreasonable and excessive force against DECEDENT to which he did not consent. Further, at the time of the shooting DECEDENT did not pose an immediate threat of death or serious bodily injury to Defendants WRIGHT and WILLEY or anybody

-11-
FIRST AMENDED COMPLAINT FOR DAMAGES

else. As a result of the actions of Defendants WRIGHT and WILLEY, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.

66. Defendants WRIGHT and WILLEY had less than lethal options which were reasonably available and which they did not use prior to resorting to the use of deadly force.

67. Defendants WRIGHT and WILLEY did not give DECEDENT a verbal warning that deadly force would be used prior the shooting, despite being feasible to do so.

68. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, financial support, affection, training and guidance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. COUNTY is vicariously liable for the wrongful acts of the individual defendants because they were acting under color of law, within their official capacity, and within the course and scope of their employment as sheriff's deputies for the COUNTY Sheriff's Department.

69. The conduct of Defendants WRIGHT and WILLEY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

70. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek wrongful death damages under this claim.

**FIFTH CLAIM FOR RELIEF**
**Negligence (State Law Claim for Negligence)**
**(Wrongful Death)**
(Against All Defendants)

71. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 of this FAC with the same force and effect as if fully set forth herein.

72. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

   a. the failure to properly and adequately assess the need to use force and deadly force against DECEDENT;

   b. the negligent pre-shooting tactics and handling of the situation with DECEDENT;

   c. the failure to properly train and supervise employees, both professional and non-professional, including Defendants WRIGHT and WILLEY;

   d. the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

   e. the negligent use of force against DECEDENT; and

   f. the negligent manner in which Defendants WRIGHT and WILLEY delayed and or denied DECEDENT access to medical care after their use of force against him.

73. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses.

74. COUNTY is vicariously liable for the wrongful acts of Defendants WRIGHT and WILLEY because they acted under color of law, within their official capacity and within the course and scope of their employment as sheriff's deputies for the COUNTY Sheriff's Department.

75. The negligent acts of Defendants WRIGHT and WILLEY resulted in bodily harm, including death, to Decedent.

76. Plaintiffs are seeking wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress (Nevada State Law Claim for Negligent Infliction of Emotion Distress)**

(By Plaintiffs JENNIFER ANDERSON, M.R.A. and S.G.A.,

against Defendants COUNTY, WRIGHT and WILLEY)

77. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1-76 of this FAC with the same force and effect as if fully set forth herein.

78. Defendants WRIGHT and WILLEY negligently caused physical injury and death to DECEDENT when Defendants WRIGHT and WILLEY discharged their firearms at DECEDENT, striking him multiple times and eventually killing him. The use of deadly force by Defendants WRIGHT and WILLEY was excessive, unreasonable and Defendants WRIGHT and WILLEY were negligent in discharging their firearm at DECEDENT, including pre-shooting negligent conduct, actions, inactions and tactics.

79. JENNIFER ANDERSON was present at the scene, which is the residence she shared with DECEDENT, when Defendants WRIGHT and WILLEY fatally discharged their firearms at DECEDENT. JENNIFER ANDERSON was aware that DECEDENT was being injured. Further, JENNIFER ANDERSON saw DECEDENT fall to the floor and bleeding to death on the floor after he was shot multiple times.

80. M.R.A., a minor, was present at the scene, which is the residence he shared with DECEDENT, when Defendants WRIGHT and WILLEY fatally discharged their firearms at DECEDENT and M.R.A. was aware that DECEDENT was being injured. M.R.A. saw DECEDENT fall to the floor and bleeding to death on the floor after he was shot multiple times.

81. As a result of being present at the scene and seeing her husband, DECEDENT, being fatally shot by Defendants WRIGHT and WILLEY and seeing him fall to the ground and bleed to death on the floor from the multiple gunshot wounds he sustained, JENNIFER ANDERSON suffered severe emotional distress, including but not limited to, suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

82. As a result of being present at the scene and seeing his dad, DECEDENT, being fatally shot by Defendants WRIGHT and WILLEY and seeing him fall to the ground and bleed to death on the floor from the multiple gunshot wounds he sustained, M.R.A. suffered severe emotional distress, including but not limited to, suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

83. On information and belief, an ordinary reasonable person would be unable to cope with seeing their loved one fatally shot multiple times by the police and then falling to the floor and bleeding to death from their gunshot wounds, especially at their own residence which they shared with DECEDENT.

84. COUNTY is vicariously liable for the wrongful acts of Defendants WRIGHT and WILLEY because they acted under color of law, within their official capacity and within the course and scope of their employment as sheriff's deputies for the COUNTY Sheriff's Department.

85. JENNIFER ANDERSON and M.R.A., a minor, bring this claim individually and seek damages under this claim as individuals.

-15-
FIRST AMENDED COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JENNIFER ANDERSON and FREDRICK WAID, as the appointed co-special administrators of the estate of ROBERT ANDERSON JR., JENNIFER ANDERSON, JENNIFER ANDERSON, as parent and guardian of M.R.A., a minor, JENNIFER ANDERSON, as parent and guardian of S.G.A., a minor, request entry of judgment in their favor and against Defendants LYON COUNTY, Defendants WRIGHT and WILLEY and DOES 3-10, inclusive, as follows:

    A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.    For funeral and burial expenses;

    C.    For medical billing and expenses;

    D.    For punitive damages against the individual defendants in an amount to be proven at trial;

    E.    For interest;

    F.    For reasonable costs of this suit and attorneys' fees; and

    G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  January 5, 2021

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PETER GOLDSTEIN

By_____
   Dale K. Galipo
   Eric Valenzuela
   Peter Goldstein
   Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: January 5, 2021

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PETER GOLDSTEIN

By_____
    Dale K. Galipo
    Eric Valenzuela
    Peter Goldstein
    Attorneys for Plaintiffs